AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information about the location of T-Mobile cellular telephone assigned call number (857) 200-7201 | )<br>)<br>)  Case No.   17-mj-7143-JCB<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Massachusetts _____
*(identify the person or describe the property to be searched and give its location)*:

Information about the location of a T-Mobile cellular telephone assigned call number (857)200-7201, with unknown subscriber information.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before   June 26, 2017   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Hon. Jennifer C. Boal   .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for   30   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   6/12/2017   4:26 pm            _____[Judge's signature]_____

City and state:   Boston, Massachusetts            Hon. Jennifer C. Boal, United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 17-mj-7143-JCB | Date and time warrant executed: 6/12/2017 at 18:11 | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of: Sgt. Detective Paul Murphy

Inventory of the property taken and name of any person(s) seized:

EVIDENCE ELECTRONICALLY EXTRACTED AND DIGITAL STORED

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 7/11/2017

_Executing officer's signature_

Gregory Brown, Detective
_Printed name and title_

## ATTACHMENT B

All information about the location of the Target Telephones described in Attachment A for a period of thirty days, during all times of day and night, including:

1. E-911 Phase II data;
2. GPS data;
3. latitude-longitude data;
4. other precise location information; and
5. data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the Target Telephones.

This warrant does not authorize the collection of any content of any communications.

T-Mobile, Sprint, and AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Information about the location of the Target Telephones unobtrusively and with a minimum of interference with T-Mobile, Sprint, and AT&T's services, including by initiating a signal to determine the location of the Target Telephones on T-Mobile, Sprint, and AT&T's network, and at such intervals and times directed by the government. The government shall compensate T-Mobile, Sprint, and AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

T-Mobile, Sprint, and AT&T shall not disclose the existence of the search warrant to the listed subscriber or to any other person. See 18 U.S.C. § 2705(b). The government shall notify T-Mobile, Sprint, and AT&T within 30 days of the conclusion of the criminal investigation described in the application, unless such period is extended by the court in accordance with § 2705(b). After such notification, T-Mobile, Sprint, and AT&T shall no longer be bound by the nondisclosure order. T-Mobile, Sprint, and AT&T may also inquire with the government about whether non-disclosure is still necessary, and the government shall respond promptly to such inquiries.